MEMORANDUM **
Nikko and her husband Lanny Sudjono, natives and citizens of Indonesia, petition pro se for review the Board of Immigration Appeals’ (“BIA”) order affirming an immigration judge’s decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.
The record does not compel the conclusion that petitioners have shown extraordinary or changed circumstances to excuse the untimely filing of their asylum application. See 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition as to the asylum claim.
Substantial evidence supports the agency’s denial of withholding of removal, because petitioners failed to demonstrate the harassment they suffered rose to the level of past persecution. See Nagoulko, 333 F.3d at 1016-18. Furthermore, even if the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th *649 Cir.2004) applies in the context of withholding of removal, petitioners have not established that it is more likely than not that they will be persecuted if they returned to Indonesia. See Hoxha v. Ashcroft, 319 F.3d 1179, 1184-85 (9th Cir. 2003). Nor have petitioners shown that the record demonstrates a pattern and practice of persecution against Chinese Christians in Indonesia. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc).
We lack jurisdiction to review petitioners’ contention regarding CAT relief because they failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.